UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
BENJAMIN METH,

                Plaintiff,

      -against-

ARM WNY, LLC,

                Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**VERIFIED COMPLAINT**

      Now comes Plaintiff Benjamin Meth (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant ARM WNY, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of New Jersey, Summerset County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant ARM WNY, LLC ("ARM") is a New York limited liability company conducting business from offices located at 10 Bank Street, Suite 560 White Plains, New York 1060.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

**FACTS**

8. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. In or around April of 2012, Plaintiff paid the full balance on an alleged debt (referred to hereinafter as the "Alleged Debt) originating from a payday loan bearing account number 174343203233. (see: Paid in full letter, attached hereto as Exhibit "A").

10. Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

11. Despite the loan being paid in full, in or around February 2014, Defendant again attempted to collect the Alleged Debt.

12. On February 2nd, 2014, Defendant contacted Plaintiff on his telephone with a pre-recorded message.

13. In said message, Defendant threatened to file suit against Plaintiff if he did not pay the Alleged Debt.

14. In addition, said message indicated that Defendant had the right to collect triple the amount originally owed.

15. Said message did not inform Plaintiff that it was an attempt to collect a debt and that any information obtained would be used for the purpose of collecting the debt.

16. After receiving the message, Plaintiff contact Defendant and informed the Defendant's employee that he had already paid the Alleged Debt.

17.     Despite offering to send the paid in full letter as proof that the Alleged Debt had been paid, Defendant did not believe Plaintiff, and eventually hung up on him.

18.     At no time during the phone call did Defendant indicate that the purpose of the conversation was to collect a debt and that any information obtained would be used for that purpose.

19.     After Defendant discontinued the call, Plaintiff again called Defendant in an attempt to resolve the matter.

20.     After speaking with a different employee, Plaintiff was told that if he emailed Defendant his paid in full letter, they would provide a letter in writing indicating that the account had been closed.

21.     Plaintiff emailed Defendant the paid in full letter, however, he never received a response.

22.     In fact, to date, Plaintiff has never received any written correspondence from Defendant.

23.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIRST CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g(a))

24.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25.     Defendant's conduct violated 15 U.S.C. §1692g(a) in that Defendant failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication.

26. Upon information and belief, to date, Defendant has not sent such a notice to Plaintiff.

27. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e)

28. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's conduct violated 15 U.S.C. §1692e, in that Defendant made false, deceptive, and/or misleading representations to Plaintiff regarding the Alleged Debt.

30. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(5))

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's conduct violated 15 U.S.C. §1692e(5), in that Defendant threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with a civil suit.

33. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(10))

34. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendant used false representation and deceptive means in attempt to collect the Alleged Debt which had been paid in full.

36. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA

## FIFTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f

37. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's conduct violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means in attempt to collect a debt by making threats and placing Plaintiff in a state of apprehension.

39. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f(1)

40. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's conduct violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount not authorized by an agreement and not permitted by law when it tried to collect the Alleged Debt which Plaintiff had previously satisfied in full.

42. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

43. Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Benjamin Meth demands judgment against the Defendant ARM WNY, LLC as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        March 12, 2014

                Respectfully submitted,


                By:  /s Jerald Belofsky, esq.

                    Attorney for Plaintiff
                    Fredrick Schulman & Associates
                    30 East 29TH Street
                    New York, New York 10016
                    Telephone (212)796-6053
                    Fax (212) 951-7379
                    Email: info@fschulmanlaw.com