**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BENJAMIN METH,

        Plaintiff,

v.

ARM WNY, LLC,

        Defendant.

Civil Action No. 14-1613 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Benjamin Meth's ("Plaintiff") motion for entry of default judgment against Defendant ARM WNY, LLC ("Defendant"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. The Court has carefully considered Plaintiff's submission and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion for default judgment is granted.

**I.**    **Background**

On March 13, 2014, Plaintiff filed a Complaint against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. (ECF No. 1.) Plaintiff alleges that, on February 2, 2014, Defendant, a debt collector, contacted Plaintiff with a prerecorded message in an attempt to collect an alleged debt. (Compl. ¶¶ 11-12.) Plaintiff additionally alleges that Defendant's message threatened to file suit against Plaintiff, stated a right to collect triple the amount originally owed, and failed to advise Plaintiff the call was from a debt collector. (*Id.* ¶¶ 13-15.) Plaintiff asserts that the alleged debt was paid in full in or around April 2012. (*Id.* ¶ 9.) Following the initial communication, Plaintiff states he contacted

Defendant and offered to provide proof that the debt had been paid but was hung-up on by Defendant's employee. (*Id.* ¶ 17.) Plaintiff asserts that he called Defendant a second time, spoke to a different employee, and sent an e-mail to Defendant with proof that the debt had been paid. (*Id.* ¶ 20.) Additionally, Plaintiff alleges that Defendant's employee agreed to provide correspondence indicating the account had been closed and failed to do so. (*Id.* ¶¶ 20-21.) Plaintiff asserts that as a result of these actions Defendant violated the FDCPA.

It appears that, on March 18, 2014, Defendant was properly served[1] and has since failed to respond or otherwise defend the action. The clerk entered default on June 18, 2014. Plaintiff now moves for default judgment against Defendant and requests $3,069.50 in statutory damages and costs.

## II. Analysis

Rule 55 of the Federal Rules of Civil Procedure allows the court to enter a default judgment "against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). "The entry of a default judgment is primarily left to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "[P]rior to entering default judgment, the Court must ensure that it has proper jurisdiction over the action," and that a legitimate cause of action has been asserted. *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008). By virtue of the default, the court accepts as true all well-pleaded

---

[1] Defendant is a limited liability corporation. Service on a corporation is effective by delivering a copy of the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law." Fed. R. Civ. P. 4(h)(1)(b). On March 19, 2014, Plaintiff filed a proof of service that Defendant was properly served, through personal service on its authorized agent, Gray Anderson. (ECF No. 3.)

factual allegations of the complaint, except those factual allegations related to the amount of damages. *DIRECTV Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990)).

In this matter, Plaintiff alleges violations of the FDCPA. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The FDCPA is a "strict liability statute [that] imposes liability without proof of an intentional violation." *Glover v. F.D.I.C.*, 698 F.3d 139, 149 (3d Cir. 2012) (internal quotation marks omitted). As such, Plaintiff alleges that Defendant: (1) failed to send a thirty-day debt validation notice, in violation of § 1692g(a); (2) made false, deceptive, and/or misleading representations to Plaintiff regarding the debt, in violation of § 1692e; (3) threatened to take legal action it could not have legally taken, in violation of § 1692e(5); (4) used false representations and deceptive means in an attempt to collect the alleged debt, in violation of § 1692e(10); (5) used unfair and unconscionable means in an attempt to collect the alleged debt, in violation of § 1692f; and (6) attempted to collect an amount not authorized by agreement or permitted by law, in violation of § 1692f(1). The Court finds that Defendant violated the FDCPA by making false threats to take legal action it could not take, as the debt had already been paid.[2] Therefore, accepting all of the facts alleged in the Complaint as true, Plaintiff has established a legitimate cause of action under the FDCPA.

A.   **Statutory Damages**

Plaintiff seeks $1,000 in statutory damages. (ECF No. 5.) Section 1692k provides that the court may grant statutory damages to an individual in an amount not to exceed $1,000. "Whether statutory damages should be granted, and if so, whether the full amount of $1,000 should be allowed, is committed to the discretion of the court." *Manopla v. Bryant, Hodge &*

---

[2] Since any violation of an FDCPA subchapter creates liability and a clear violation has been established, the Court need not review the remaining claims. *See* 15 U.S.C. § 1692k(d).

3

*Assocs., LLC*, No. 13-338, 2014 WL 793555, at *6 (D.N.J. Feb. 26, 2014). Accordingly, the Court finds it reasonable to grant statutory damages in the amount of $1,000.00.

### B. Attorney's Fees and Costs

Plaintiff is seeking $1,609.50 in attorney's fees and $460.00 in filing fees and costs. (ECF No. 5.) Pursuant to § 1692k(a)(3), a court may award "costs of the action" and "reasonable attorney's fees . . . in the case of any successful action to enforce the [FDCPA]." 15 U.S.C. § 1692k(a)(3). In awarding fees under the FDCPA, the "court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees." *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991). In the present case, Plaintiff's motion and supporting affidavit detail the attorney's fees and costs. (ECF No 5.) The affidavit contain the costs, rates, hours worked, description of services rendered, and reasonable rates for attorneys based on years of experience. (*Id.*) As such, the Court finds it is reasonable to award Plaintiff $1,609.50 in attorney's fees and $460.00 in costs.

### III. Conclusion

For the above reasons, Plaintiff's motion for default judgment is granted and Plaintiff is awarded $3,069.50. An order consistent with this opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2015